IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIA ELENA BARAJAS,
Personal Representative of the
deceased estate of Daniel Adrian
Barajas,

       Plaintiff,

v.                                       1:23-cv-00645-JFR-JMR

HUNTER THOMPSON, SULLIVAN
SULZBERGER, CHRISTY BIDDLE,
HARLEY SOWELL, JAKE SCOGGINS,
RODNEY WRIGHT, JOEY SHAMLIN,
R. ALLEN WEST, KEVIN CLEGHORN,
SALINE COUNTY ARKANSAS, and
KATE HAWTHORN,

       Defendants.

## ORDER TRANSFERRING CASE TO THE EASTERN DISTRICT OF ARKANSAS

THIS MATTER comes before the Court *sua sponte*. Plaintiff Maria Elena Barajas filed this action on August 3, 2023, on behalf of her deceased son Daniel Adrian Barajas. Doc. 1. Plaintiff and her son were both domiciled in New Mexico. *Id.* at 2. Defendants are the Sheriff of Saline County, Arkansas; the Saline County Coroners; various Saline County law enforcement officers; and Saline County itself. *Id.* at 4-5. The subject of this suit is the unfortunate circumstances of Mr. Barajas's passing. Mr. Barajas was killed in a tragic accident in Saline County, Arkansas. *Id.* at 6.

Plaintiff states that venue is proper under 28 U.S.C. § 1332. *Id.* at 2. Plaintiff is incorrect. Section 1332 is the diversity jurisdiction statute. Beyond this recitation, the complaint does not explain why the District of New Mexico is the proper venue of this case.

1

The statute governing venue in general states:

**Venue in general.** A civil action may be brought in—

**(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

**(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

**(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Even after a *sua sponte* venue transfer, the parties are free to file a motion under 28 U.S.C. § 1404 to change venue once more if appropriate.

The Court concludes that the District of New Mexico is not the proper venue for this case because: (1) defendants do not reside in the District of New Mexico, (2) there are no allegations that any of the events giving rise to plaintiff's claims occurred in the District of New Mexico, and (3) there is another district where this action may otherwise be brought as provided by the venue statute. The Court hereby transfers this case to the Eastern District of Arkansas because that is the district in which Defendants presumably reside and in which the events giving rise to this case occurred.

**IT IS ORDERED** that this case is **TRANSFERRED** to the Eastern District of Arkansas.

_____
JENNIFER M. ROZZONI
United States Magistrate Judge